IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ADRIN MAURICE MURPHY

v.  Civil No. 1:23cv255-HSO
Criminal No. 1:21cr147-HSO-RPM-1

UNITED STATES OF AMERICA

**ORDER DENYING DEFENDANT ADRIN MAURICE MURPHY'S MOTION [36] TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. 2255**

BEFORE THE COURT is the *pro se* Motion [36] of Defendant Adrin Maurice Murphy ("Defendant") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on September 29, 2023, pursuant to Title 28, United States Code, Section 2255. The Court has examined the Motion [36] in light of relevant legal authority and the record in Defendant's criminal case and finds that because "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court need not cause notice to be served upon the United States, and the Motion [36] should be denied without an evidentiary hearing. 28 U.S.C. § 2255(b).

I. BACKGROUND

On December 8, 2021, a Grand Jury charged Defendant Adrin Maurice Murphy ("Defendant" or "Murphy") in a single-count Indictment [9] with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Indictment [9]. On February 15, 2022, Defendant pled guilty to the single-count Indictment [9],

1

subject to a written Plea Agreement [26] with the Government. Plea Agree. [26]. On May 16, 2022, the Court sentenced Defendant to thirty-three months in the custody of the United States Bureau of Prisons, with a term of three years of supervised release to follow. Minute Entry, May 16, 2022. The Court entered Judgment [32] on May 17, 2022, and Defendant did not file a direct appeal. *See* Docket, 1:21-cr-147-HSO-RPM-1. As such, the one-year statute of limitations for filing a motion to vacate expired on May 31, 2023. *See* 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1)(A)(i).

Murphy's Plea Agreement [26] with the Government contained several written waivers, including that he, while retaining the right to pursue a claim of ineffective assistance of counsel,

> expressly waive[d] the following rights:
>
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agree. [26] at 5-6.

On September 20, 2023, well after the expiration of the applicable statute of limitations, Defendant filed the present Motion [36] to Vacate under 28 U.S.C. § 2255.[1] *See* Mot. [36]. Defendant first claims that there was not "an actual grand

---

[1] "Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).

2

jury," and therefore "the people, as named plaintiff against movant's person . . . did not exist. " *Id.* at 5. Due to this the "Judgment under which movant's person is held a prisoner is an absolute nullity, void and unconstitutional . . . ." *Id.* Defendant's second ground for relief is that the Government lacked standing to prosecute the crime. *Id.* at 7. Ground three alleges ineffective assistance of counsel, arguing that if Defendant's attorney had informed him of his "civil right to actual case and due process, (i.e., [his] right to Actual Grand Jury, the people, plaintiff of record)" and of the Government's alleged lack of standing, he would not have entered a guilty plea. *Id.* at 10. Defendant's fourth ground asserts that he did not commit "a commercial crime" because he "never unlawfully burdened or obstructed the free flow of commerce . . . ." *Id.* at 13. According to Defendant, had counsel investigated, counsel would have discovered that Defendant's "person was never found unlawfully obstructing the free flow of commerce with a firearm in interstate as alleged by [the Government]." *Id.* at 10-11.

    Defendant concedes the untimeliness of his Motion [36], arguing that it falls under the actual innocence and miscarriage of justice exceptions and he is entitled to equitable tolling of the statute of limitations. *Id.* at 18. He maintains that he was unable to file a timely petition because: (1) to his knowledge he had counsel appointed upon whom he relied for information and guidance, but his counsel never advised him of his right to file a § 2255 motion or of the corresponding statute of limitations; and (2) that due to his lack of effective counsel, the Government's

---

Defendant certified that he placed the Motion [36] into the prison mailing system on September 20, 2023. Mot. [36] at 19.

alleged fraud misled him to believe he "was afforded all [his] rights and caused [him] to believe that [his] plea, plea agreement, conviction and sentence were constitutional and binding." *Id.*

## II.  DISCUSSION

A.  Relevant authority

Rule 4 of the Section 2255 Rules provides that upon a defendant's filing of a § 2255 motion,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255.

There is a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

*Id.* In order for the statute of limitations to be tolled for equitable reasons, a defendant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

B.  <u>Analysis</u>

The Court entered Judgment on May 17, 2022. *See* J. [32]. Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Defendant had 14 days to file a direct appeal of the Judgment [32]. *See* Fed. R. App. P. 4(b)(1)(A)(i). Defendant did not file such an appeal, *see* Docket, 1:21-cr-147-HSO-RPM-1, therefore, his conviction became final on May 31, 2022, *see* J. [32]; Fed. R. App. P. 4(b)(1)(A)(i). Defendant has not demonstrated that any of the statutory tolling provisions apply. *See generally* Mot. [36]. Instead, he contends that the statute of limitations should be equitably tolled because he did not discover his arguments for habeas relief until recently due to ineffective counsel. Mot. [36] at 18. This argument is unavailing because Defendant is not entitled to counsel on habeas review, *Fairman v. Anderson*, 188 F.3d 635, 642 (5th Cir. 1999), and because the issues he claims he was prevented from discovering plainly lack merit, *see generally* Mot. [36].

Defendant posits that there was not "an actual grand jury, the people, as named plaintiff against movant's person, it's [sic] Art. III, subject-matter jurisdiction [actual case] did not exist" which appears to be an argument that there was not a grand jury or a proper indictment. *Id.* at 5 (alteration in original).

5

Because of this, he maintains that the Government lacked standing to prosecute him and that counsel was ineffective for not advising him of this. *Id.* at 7. The record clearly reveals that there was an Indictment [9] returned by a grand jury. *See* Indictment [9]. In addition, the Fifth Circuit has held that § 922(g)(1) "is a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (interpreting 18 U.S.C. § 922(g)(1) and U.S. Const. art. I, § 8, cl. 3). As such, Defendant's claims that the Government lacked standing and that counsel was ineffective for not advising him of this are unavailing.

Defendant also states that he "was never found unlawfully obstructing the free flow of commerce in interstate[,]" which the Court construes as an argument that his conduct was not "in and affecting interstate and foreign commerce." Mot. [36] at 13. At his change of plea hearing, Defendant acknowledged under oath that he understood the essential elements required to convict him for a violation of § 922(g)(1). Plea Hearing Audio [39] at 24:27-22:58. Specifically, Defendant was informed that the fourth element required for a conviction under § 922(g)(1) was "that the firearm possessed traveled in interstate or foreign commerce, that is before [Murphy] possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country." *Id.* at 23:47-24:03. Defendant acknowledged under oath that he understood this was a necessary element of the charge, and he admitted to the Government's factual basis which stated that the "firearm was not manufactured in the State of Mississippi."

*Id.* at 22:51-22:54. Therefore, the Defendant's arguments that his actions did not affect interstate commerce, or that he did not understand that his actions affected interstate commerce, are without merit.

Counsel was not ineffective as the matters of which Defendant claims he was not informed are clearly frivolous and would not change the outcome. *See United States v. Merritt*, 24 F.3d 240, 1994 WL 242561, at *3 (5th Cir. May 24, 1994) (holding that, because a defendant's argument was frivolous, "his attorney's failure to raise it on appeal does not amount to ineffective assistance of counsel"); *United States v. Raheem*, No. 1:14CR33-HSO-BWR-3, 2023 WL 5420945, at *7 (S.D. Miss. Aug. 22, 2023) ("Any objection by [defendant's] counsel to the Court's jurisdiction would have been frivolous and cannot support an ineffective assistance of counsel claim.")

Finally, Defendant offers no other plausible explanation for why he could not have otherwise discovered his claims sooner, or why he did not diligently preserve his rights. *See generally* Mot. [36]; *see also Holland*, 560 U.S. at 649 (quoting *DiGuglielmo*, 544 U.S. at 418). "'[E]quity is not intended for those who sleep on their rights[,]'" *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)), and "petitioner bears the burden of establishing that equitable tolling is warranted[,]" *id.* (quoting *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000)). Defendant has not carried this burden, and his Motion [36] is plainly untimely.

7

### III. CONCLUSION

Because the Motion [36] and record conclusively show that Defendant Adrin Maurice Murphy is entitled to no relief, the Court finds that his Motion [36] to Vacate under 28 U.S.C. § 2255, should be denied without an evidentiary hearing. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (a defendant is only entitled to an evidentiary hearing on a § 2255 motion if he has presented "independent indicia of the likely merit of his allegations" (internal citations omitted)).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Adrin Maurice Murphy's Motion [36] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 29th day of November, 2023.

*s/Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE